UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM NO. 3:12CR41(RNC) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY LYNCH | : | June 21, 2012 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR VIOLATION OF THE SPEEDY TRIAL ACT**

The defendant's motion (docket entry 22), which seeks to dismiss the indictment against him with prejudice for violation of the speedy trial act, Title 18 U.S.C. §3161(c)(1), and for violation of his constitutional right to a speedy trial is without merit and should be denied.

As background, on December 7, 2011, defendant Gregory Lynch applied for furlough to allow him to travel from USP Canaan, in Waymart, Pennsylvania, to Watkinson House, in Hartford, Connecticut to serve the remainder of his prison sentence at a halfway house. In his application for furlough, the defendant signed an understanding that stated:

> I understand that if approved, I am authorized to be only in the area of the destination shown above and at ordinary stopovers or points on a direct route to or from that destination. I understand that my furlough only extends to the limits of my confinement and that I remain in the custody of the Attorney General of the United States. If I fail to remain within the extended limits of this confinement, it shall be deemed an escape from the custody of the Attorney General, punishable as provided in Section 751 of Title 18, United States Code.

Defendant's application for furlough was granted, and on February 3, 2012, the defendant was furloughed and dropped off by prison personnel at the Scranton Bus Terminal; the defendant was given a bus ticket to travel to Hartford. The bus was scheduled to arrive in Hartford at 7:00 p.m.

1

and defendant was given until 8:00 p.m. that same day to arrive at Watkinson House.

On the morning of February 4, 2012, Watkinson House informed the BOP and United States Marshals Service that defendant had not arrived.  Defendant was put in escape status.  On February 23, 2012, the defendant was arrested on a federal complaint in Camden, New Jersey.  The defendant was presented that day and, as is his right, contested identity.  An identity hearing was scheduled for February 28, 2012.  After a witness was produced to confirm defendant's identity on February 28, 2012, defendant waived the identity hearing.

On March 13, 2012, the defendant was indicted for one count of Escape, in violation of 18 U.S.C. § 751 (Indictment 3:12CR41(RNC)).  On March 23, 2012, the defendant was arraigned on the indictment, and entered a not guilty plea before the Honorable Donna Martinez.  On April 16, 2012, defense counsel filed a motion to continue jury selection, due to a schedule conflict before this Court and because counsel was awaiting a transcript of a prior proceeding.  On April 19, 2012, this Court granted the motion "subject to the filing of a properly executed waiver of the defendant's rights under the Speedy Trial Act."  This Court also determined that, pursuant to 18 U.S.C. § 3161(h)(7)(A), a continuance should be granted because the "ends of justice served by the requested continuance outweigh the interest of the public and the defendant in a speedy trial in that failure to grant the continuance would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence" (Order, Doc. #10, at 2).  Accordingly, this Court excluded the period from May 8, 2012 through June 12, 2012.

On May 22, 2012, defense counsel moved to withdraw as counsel.  On June 7, 2012, the Honorable Donna Martinez presided over a hearing concerning counsel's motion to withdraw.

The court subsequently appointed Attorney Richard Reeve as defendant's counsel.  On June 11, 2012, new counsel moved for an adjournment (Doc. #17), and on June 13, 2012, Magistrate Judge Martinez ruled on original counsel's motion to withdraw, granting the motion. Jury selection is currently scheduled for July 10, 2012.

Defendant now complains that his rights to a speedy trial, both statutory and constitutional, have been violated.  For the reasons outlined below, defendant is wrong.

A. **Statutory Speedy Trial**

Title 18 U.S.C. §3161(c)(1) provides in pertinent part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and the making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . . .

Title 18, United States Code, § 3161(h), however, provides for the exclusion of time from this 70 day mandate.  It provides in pertinent part:

> The following periods of delay shall be excluded in computing the time within which . . . the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to –
>
>> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; . . .
>>
>> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

Additionally, any "period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the

Government, if the judge granted such continuance on the basis of his findings that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial." Id at (7)(A). Finally, the arraignment date is excluded. United States v. Vasser, 916 F.2d 624 (11th Cir. 1990); United States v. Jodoin, 672 F.2d 232, 237 n.7 (1st Cir. 1982); United States v. Mentz, 840 F.2d 315, 326 (6th Cir. 1988).

In order to determine the applicable calculation of the Speedy Trial Act to this case, the Court must determine how many days have elapsed since the day after arraignment, and then determine whether any of those days are excludable from the calculation. In this case, the defendant was arraigned on March 23, 2012. Starting from March 24, 2012 to the present, approximately 88 days have elapsed.[1] The Government respectfully submits that the bulk of these days are excludable from the speedy trial calculus.

A.      March 24, 2012 to April 16, 2012 (22 days includable)

The twenty two days between the day after defendant's arraignment and the filing of defendant's motion to continue jury selection is included.

B.      April 16, 2012 to April 19, 2012

The three days during which the motion to continue jury selection was pending is

---

[1] Defendant seeks to include pre-indictment but post-arrest periods in his speedy trial calculus. In doing so, defendant seeks to conflate subsection (b) with subsection ©. While the two subsections are grouped in the general statute governing time limits and exclusions, they are not related. Subsection (b) applies a time limit to the filing of an indictment or information after an individual is arrested. The Government must bring an indictment or information within thirty days of arrest. 18 U.S.C. § 3161(b). That requirement was met in this case because the defendant was indicted nineteen days after his arrest. Subsection © applies to the time within which a defendant must be brought to trial after his arraignment on the indictment, a clause which can necessarily take place only after indictment, thus demonstrating its distinction from subsection (b).

4

excludable.  18 U.S.C. 3161(h)(1)(F).

C.      April 19, 2012 to May 8, 2012 (19 days includable)

In its Order (Doc. #10), this Court found that the period from May 8, 2012 through June 12, 2012 was excludable.  Accordingly, the Government concedes for the purposes of this motion only, that the nineteen-day period from April 19, 2012 to May 8, 2012 was includable.

D.      May 8, 2012 through June 12, 2012

As noted above, this Court's Order excluded the period from May 8, 2012 through June 12, 2012.  Defendant argues that the period should be included because the adjournment was conditioned upon defendant's filing of a properly executed waiver of his rights under the Speedy Trial Act.  The defendant is incorrect.  First, the Order provides two bases for exclusion.  The first reason was the motion itself.  The second basis was an ends of justice exclusion.

The Speedy Trial Act grants a trial judge broad discretion to grant a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." United States v. Howard, 443 Fed. Appx. 596, 598 (2d Cir. 2011); see also United States v. Gonzalez, 399 Fed. Appx. 641, 644 (2d Cir. 2010) (rejecting defendant's challenge to time excluded under (h)(7) because record made clear that the district court understood the consequence of delays and conducted the required balancing); United States v. Breen, 243 F.3d 591, 597 (2d Cir. 2001)(rejecting defendant's argument that the district court erred in excluding a period of time because court did not mention "ends of justice" because district court had taken into consideration the factors indicated in Section 3161(h)(8) and performed the required balancing of interest).

Here, this Court considered whether "failure to grant the continuance would deny counsel

reasonable time necessary for effective preparation" (Doc. #10, at 1).  This Court also determined that, pursuant to 18 U.S.C. § 3161(h)(7)(A), a continuance should be granted because the "ends of justice served by the requested continuance outweigh the interest of the public and the defendant in a speedy trial in that failure to grant the continuance would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence" (Doc. # 10, at 2).  Nor was this Court's ruling incorrect.  As counsel's motion noted, counsel had another trial scheduled for jury selection the same day in the same court.  The other case, United States v. Goitom, 3:11CR21 (RNC), was not only older than this case, but involved a shooting of a police officer.  Moreover, counsel had ordered a transcript in relation to defendant's case that had not arrived; proceeding to trial would have forced counsel to try defendant's case without information that could have inured to defendant's benefit, perhaps giving fodder to impeach a witness. In light of the benefits that defendant gained from the adjournment, this Court's finding that the "ends of justice" adjournment outweighed the defendant's interest in a speedy trial was perfectly reasonable.

Moreover, even though this Court also granted the motion to postpone jury selection "subject to the filing of a properly executed waiver of the defendant's rights under the Speedy Trial Act," a waiver is not necessary to exclude time on a motion to continue due to scheduling conflict.  In New York v. Hill, the Supreme Court confronted a defendant's challenge to his counsel's ability to waive his speedy trial rights under the Interstate Agreement on Detainers ("IAD").  528 U.S. 110 (2000).  The Supreme Court found:

> Scheduling matters are plainly among those for which agreement by counsel generally controls. This case does not involve a purported prospective waiver of all protection of the IAD's time limits or of the IAD generally, but merely

> agreement to a specified delay in trial. When that subject is under consideration, only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case. Likewise, only counsel is in a position to assess whether the defense would even be prepared to proceed any earlier. Requiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose.

Id. at 115.  The same rationale applies here.  Defendant was in no position to assess whether the transcript was necessary and whether the defense could proceed any earlier.  Nor could defendant assess the amount of time counsel could commit to the defendant's case when she had a one-year-old shooting of a police officer case to try simultaneously.  Thus, counsel's thirty-day continuance motion based on scheduling and evidentiary issues, though not supported by defendant, served to toll the speedy trial clock.  See United States v. New Buffalo Amus. Corp., 600 F.2d 368, 376 (2d Cir. 1979)("The period from April 5 to April 12, 1977 is excludable due to defense counsel's request for an adjournment necessitated by his schedule")(cited by defendant in Memorandum at 5).

May 22, 2012 to June 13, 2012

On May 22, 2012, defense counsel moved to withdraw as counsel, specifying a break down in communication with defendant.  The period during which a counsel's motion to withdraw is pending – in this case from May 22, 2012 to June 13, 2012 – is excludable from the speedy trial calculation.  See United States v. Hood, 469 F.3d 7, 8-9 (1st Cir. 2006)(pendency of motion to withdraw is excludable time), citing United States v. Daychild, 357 F.3d 1082, 1095 (9th Cir. 2004)(same).  Indeed, at the June 7 hearing, defendant took no issue with his counsel's motion to withdraw.

June 11 to June 20

On June 11, 2012, current counsel moved to adjourn the trial. Such a motion, for the reasons described above, is excludable. 18 U.S.C. 3161(h)(1)(F).

Accordingly, only 41 days are chargeable to the Government and the Speedy Trial Act has not been violated.

B.     Constitutional Speedy Trial

In assessing an allegation of a violation of due process in delaying a defendant's trial, a district court must consider four factors: (1) the length of time of detention; (2) the prosecutor's responsibility; (3) the gravity of the charges; and (4) the strength of the evidence on which detention is based. United States v. El-Hage, 213 F.3d 74, 79-80 (2d Cir. 1993), In this case, the totality of the circumstances, as viewed through the El-Hage factors, supports a finding that the defendant's due process rights are not violated by his pre-trial detention. The "[l]ength of detention will rarely by itself offend due process." United State v. Millan, 4 F.3d 1038, 1044 (2d Cir. 1993) (internal quotations omitted).

First, the defendant has been detained since February 23, 2012. When tried on July 10 through July 11, he will have been detained for a period of four and a-half months. A less-than-five month delay is well within the bounds of other cases that the Second Circuit has upheld. See, e.g., El-Hage, 213 F.3d at 78-79 (expected pre-trial detention of thirty to thirty three months did not violate due process); United States v. El-Gabrawy, 35 F.3d 63, 65 (2d Cir. 1994) (expected pre-trial delay of twenty seven months did not violate due process); United States v. Milan, 4 F.3d at 1045 (expected delay of thirty to thirty three months did not violate due process, even though failure of communication within prosecutor's office "caused significant delay").

Second, none of the delay is due to the government. After all, the Government cannot try

8

defendant the day after his arraignment.

Third, defendant faces a serious charge, escape, which has a five year maximum sentence. To be sure, defendant belittles the charge by noting that his total offense level, if he accepted responsibility for his actions was only 7. Defendant ignores, however, his lengthy criminal history, which places him at a Criminal History Category VI, the Government's right to move for an upward departure based on an under-representation of the seriousness of his criminal history or the likelihood that he will commit other crimes. See U.S.S.G. §4A1.3(a). Even ignoring the upward departure potential, defendant faces a guidelines sentence of 21-27 months after trial, substantially higher than the four and a-half months he had to serve on the sentence from which he escaped.

The final factor is the strength of the evidence on which detention was based. As outlined above, the Government's evidence is extremely strong and straightforward. Defendant applied for a furlough, signed a notice that he knew that failure to report would result in a charge of Escape, and then, when put on furlough, failed to report. That defendant was arrested in Camden, New Jersey, as opposed to Hartford, Connecticut, conclusively demonstrates that he had escaped..

In sum, consideration of the four El-Hage factors militate in favor of rejecting the defendant's due process challenge to the length of his pre-trial detention.

       Respectfully submitted,

       DAVID B. FEIN
       UNITED STATES ATTORNEY

       /s/   *Rahul Kale*
       RAHUL KALE
       ASSISTANT U.S. ATTORNEY
       United States Attorney's Office
       1000 LAFAYETTE BOULEVARD
       Bridgeport, Connecticut 06604
       TELEPHONE:  (203) 696-3000
       FAX: (203) 579-5550
       Federal Bar No. phv02526

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2012, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/

RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY